

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 3, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-5-08

**Via Federal Express**
Amy Burgert, Esq.
Mayer Brown LLP
700 Louisiana Street
Suite 3400
Houston, TX 77002-2730

Re: **ESI – Deferred Prosecution Agreement** #08CR 505 (JFK)

Dear Ms. Burgert:

Pursuant to our discussions and written exchanges, the United States Attorney's Office for the Southern District of New York ("this Office") and the defendant ESI Entertainment Systems Inc. ("ESI"), pursuant to authority granted by its Board of Directors in the form of a Board Resolution (a copy of which is attached hereto as Exhibit A), hereby enter into this Deferred Prosecution Agreement (the "Agreement").[1]

## The Criminal Information

1. ESI consents to the filing of a one-count Information (the "Information") in the United States District Court for the Southern District of New York (the "Court"), charging ESI with participating in a conspiracy, in violation of Title 18, United States Code, Section 371, to: (i) use the wires to transmit in interstate and foreign commerce bets and wagers and wagering information for persons engaged in the business of betting and wagering, in violation of Title 18, United States Code, Section 1084; (ii) conduct illegal gambling businesses, in violation of Title 18, United States Code, Section 1955; (iii) conduct international monetary transactions for purposes of promoting illegal gambling, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and (iv) conduct an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960. A copy of the Information is attached hereto as Exhibit B. This Agreement shall take effect upon the filing of the Information.

---

[1] The term "ESI" includes all affiliated and subsidiary companies, including the following: Citadel Commerce Corp., ESI Integrity Inc. and PlayLine Inc..

Amy Burgert, Esq.
June 3, 2008                                  -2-

## Acceptance of Responsibility for Violation of Law

2.      As set forth in detail in the Statement of Admitted Facts, attached hereto as
Exhibit C, ESI admits that ESI, through its subsidiary Citadel Commerce, and through the conduct
of certain officers and directors, knowingly operated in the United States a money transmitting
business that was unlicensed in the United States and knowingly promoted internet gambling by
using the wires and other means to transmit, in interstate and foreign commerce, bets and wagers,
and wagering information, from customers in the United States to numerous illegal internet gambling
businesses located outside of the United States, and payments to customers in the United States from
numerous illegal internet gambling businesses located outside of the United States.

3.      ESI agrees that it will pay a total of $9,114,342 to the United States as part
of this Agreement, as disgorgement of the proceeds received by its Citadel subsidiary from the
activities described in the Statement of Admitted Facts, all of which will be forfeited to the United
States. The proceeds will be the subject of a civil forfeiture complaint to be filed against ESI in the
United States District Court for the Southern District of New York. ESI and this Office agree that
the $9,114,342 seized to date by this Office shall be applied to satisfy ESI's forfeiture obligation
under this paragraph. ESI further agrees that to the extent it or its subsidiaries identify any additional
monies or assets derived from United States-facing illegal internet gambling operations, those
monies and assets will not be paid to, remitted to, or otherwise provided to any internet gambling
merchant that provides or provided services to United States customers and will instead be forfeited
to the United States in addition to the $9,114,342 identified above.

4.      ESI agrees that no portion of the proceeds described in paragraph 3 will be
treated as deductible on any Federal or State tax or information return. ESI further agrees that it will
not file or assist anyone in filing a petition for remission or mitigation with the Department of Justice
concerning the funds that ESI has agreed to pay to the United States under the terms of this
Agreement.

## Permanent Restrictions And Controls On Citadel Commerce's Online Payment Services

5.      This Office recognizes that ESI has implemented certain restrictions on its
business operations in order to prevent member accounts at Citadel Commerce from being used to
conduct or process illegal transactions between internet gambling merchants and persons located in
the United States ("U.S. Gambling Transactions"). In a report, dated April 1, 2008 (the draft
"Citadel Controls Report"), ESI has described and enumerated procedures and controls that it has
implemented, or intends to implement, to prevent its services from being used to conduct U.S.
Gambling Transactions. Pursuant to this Agreement, ESI agrees to implement fully the procedures
and controls described and enumerated in the Citadel Controls Report. Pursuant to this Agreement,
ESI also agrees to maintain the following permanent restrictions: (i) ESI will not participate in illegal

Amy Burgert, Esq.
June 3, 2008                          -3-

gambling transactions involving persons located in the United States; (ii) ESI will maintain procedures and controls designed to prevent its services from being used to conduct or process U.S. Gambling Transactions; (iii) ESI agrees to monitor regularly the effectiveness of its procedures and controls designed to prevent its services from being used to conduct or process U.S. Gambling Transactions, and ESI will revise and update its procedures and controls as necessary to achieve such purpose.

      6.     Beginning on no later than ten days after the commencement of this Agreement, ESI shall retain, at its own expense, the services of a firm (the "Monitor") approved by this Office to monitor ESI's compliance with the terms of paragraph 5 of this agreement. ESI agrees to continue to retain the services of the Monitor to monitor ESI's compliance with ESI's obligations under this Agreement as follows: (i) ESI will retain the Monitor to evaluate and revise as needed the draft Citadel Controls Report, and provide a final Citadel Controls Report no later than forty-five (45) days following the commencement of this Agreement; (ii) ninety (90) days after the commencement of this Agreement, the Monitor will issue an initial Compliance Report assessing whether ESI has complied with the Citadel Controls Report, and at least one subsequent Compliance Report will be provided at on or before 90 days prior to the termination of this Agreement and at such other times as designated by this Office; (iii) where a Compliance Report identifies a defect in ESI's internal controls regarding U.S. Gambling Transactions, ESI will have sixty (60) calendar days to cure the defect from the date that the Compliance Report is provided to this Office and ESI, or such other time as is reasonably necessary to cure the defect, and ESI shall retain the Monitor to assess ESI's success at remediating the identified defect and to provide a supplementary report to this Office within fifteen (15) calendar days describing its assessment of the efficacy of such remediation; (iv) consistent with its obligations under law, ESI shall, on a timely basis, provide the Monitor with or access to any information, documents, or other records, including electronic records, as are reasonably necessary for the Monitor to prepare and provide the Controls Report and the Compliance Reports to this Office; and (v) consistent with its obligations under law, ESI shall use its best efforts to make available to the Monitor, on a timely basis, such employees as are reasonably necessary to assist and provide information to the Monitor to permit the Monitor to perform the work necessary to provide the Controls Report, the Compliance Report, and any supplementary report. If the Monitor requests access to any information, document, or other record that ESI may reasonably believe to be protected by the attorney client privilege or work product doctrine, ESI shall in good faith consider and respond to that request, taking into account whether providing access to the requested material would assist the Monitor in performing its duties under the Agreement. It shall be a condition of the Monitor's retention that the Monitor is independent of (i.e. stands at arm's length to) ESI and that no attorney-client or work product relationship shall be formed between them.

### Cooperation

      7.     ESI acknowledges and understands that the cooperation it has provided to date with the criminal investigation by this Office, and its pledge of continuing cooperation, are important and material factors underlying this Office's decision to enter into this Agreement. Therefore, ESI

Amy Burgert, Esq.
June 3, 2008                          -4-


agrees to cooperate fully and actively with this Office, the Federal Bureau of Investigation ("FBI"), and any other agency of the government designated by this Office ("Designated Agencies") regarding any matter relating to this Office's investigation about which ESI has knowledge or information.

        8.    Consistent with its obligations under law, including foreign data privacy and confidentiality laws, ESI agrees that its continuing cooperation with this Office's investigation shall include, but not be limited to, the following:

        (a)    Completely and truthfully disclosing to this Office, the FBI and the Designated Agencies all information in its possession about which this Office, the FBI and the Designated Agencies may inquire, including but not limited to all information about the historic and ongoing activities of ESI and present and former employees and agents of ESI;

        (b)    Volunteering and providing to this Office any information and documents that come to ESI's attention that may be relevant to this Office's investigation;

        (c)    Assembling, organizing, and providing in responsive and prompt fashion, and, upon this Office's request, on an expedited schedule, all documents, records, information, and other evidence in ESI's possession, custody, or control as may be requested by this Office or the FBI or the Designated Agencies;

        (d)    Using its reasonable best efforts to make available its present and former employees and directors to provide information and/or testimony as requested by this Office, the FBI or the Designated Agencies, including sworn testimony before a grand jury or in court proceedings, as well as interviews with law enforcement authorities, and to identify witnesses who, to ESI's knowledge and information, may have material information concerning this Office's investigation, including but not limited to the conduct set forth in the Information and the Statement of Admitted Facts;

        (e)    Providing testimony or information necessary to identify or establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any criminal or other proceeding as requested by this Office, the FBI, or the Designated Agencies, including but not limited to information and testimony concerning the conduct set forth in the Information and the Statement of Admitted Facts;

        (f)    With respect to any information, testimony, documents, records or physical evidence provided by ESI to this Office or a grand jury, ESI consents to any and all disclosures of such materials to such Designated Agencies as this Office, in its sole discretion, deems appropriate. With respect to any such materials that constitute "matters occurring before the grand jury" within the meaning of Rule 6(e) of the Federal Rules of Criminal Procedure, ESI further

Amy Burgert, Esq.
June 3, 2008                          -5-

consents to: (i) any order sought by this Office permitting such disclosures; and (ii) this Office's <u>ex parte</u> or <u>in camera</u> application for any such order; and

        (g)    With respect to any information, testimony, documents, records, or physical evidence requested by this Office, the FBI or the Designated Agencies that is in the custody or control of ESI and is located outside of the United States, ESI will use its best efforts to ensure that ESI promptly meets all requirements under any bank secrecy laws, data privacy laws, and any other applicable confidentiality laws, in any applicable jurisdiction to permit disclosure by ESI to this Office, the FBI or the Designated Agencies of any information, testimony, documents, records, or physical evidence requested by this Office, the FBI, or the Designated Agencies, including using its best efforts to secure the assistance of any foreign government in responding to any request for assistance submitted to any foreign government by this Office pursuant to any applicable mutual legal assistance treaty, memorandum of understanding, or otherwise.

        9.    ESI agrees that its obligations to cooperate will continue even after the dismissal of the Information, and ESI will continue to fulfill the cooperation obligations set forth in this Agreement in connection with any investigation, criminal prosecution or civil proceeding brought or supervised by this Office or by or against the United States, or any component agency thereof and its individual employees, relating to or arising out of the conduct set forth in the Information and the Statement of Admitted Facts and relating in any way to this Office's investigation. ESI's continuing obligation to cooperate is not intended to apply in the event that a prosecution against ESI by this Office is pursued and not deferred as described herein.

### Deferral of Prosecution

        10.    In consideration of ESI's entry into this Agreement and its commitment to: (a) accept and acknowledge responsibility for its conduct; (b) cooperate with this Office and the FBI; (c) make the payment specified in this Agreement; (d) comply with Federal criminal laws; and (e) otherwise comply with all of the terms of this Agreement, this Office shall recommend to the Court that prosecution of ESI on the Information be deferred for eighteen (18) months from the date of the signing of this Agreement. ESI shall expressly waive indictment and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code, Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Southern District of New York for the period during which this Agreement is in effect.

        11.    It is understood that this Office cannot, and does not, agree not to prosecute ESI for criminal tax violations. However, if ESI fully complies with the understandings specified in this Agreement, no testimony given or other information provided by ESI (or any other information directly or indirectly derived therefrom) will be used against ESI in any criminal tax prosecution. In addition, this Office agrees that, if ESI is in compliance with all of its obligations under this Agreement, this Office will, at the expiration of the period of deferral (including any extensions

Amy Burgert, Esq.
June 3, 2008                                    -6-

thereof), seek dismissal without prejudice as to ESI of the Information filed against ESI pursuant to this Agreement. Except in the event of a violation by ESI of any term of this Agreement, this Office will bring no additional charges against ESI, except for criminal tax violations, relating to its operation of an unlicensed money transmitting business in the United States and its provision of payment services to internet gambling businesses, as described in the Statement of Admitted Facts. This Agreement does not provide any protection against prosecution for any crimes except as set forth above and does not apply to any individual or entity other than ESI. ESI and this Office understand that the Agreement to defer prosecution of ESI must be approved by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve the Agreement to defer prosecution for any reason, both this Office and ESI are released from any obligation imposed upon them by this Agreement, and this Agreement shall be null and void.

12.    It is further understood that should this Office in its sole discretion determine that ESI has during the term of this Agreement: (a) given false, incomplete or misleading information, (b) committed any crime, or (c) otherwise violated any provision of this Agreement, ESI shall, in this Office's sole discretion, thereafter be subject to prosecution for any federal criminal violation of law of which this Office has knowledge, including but not limited to a prosecution based on the Information or the conduct described therein. Any such prosecution may be premised on any information provided to this Office, the FBI or the Designated Agencies at any time by or on behalf of ESI. In any such prosecution, no charge would be time-barred provided that such prosecution is brought within the applicable statute of limitations period, excluding the period from the commencement of this Agreement until its termination. ESI agrees to toll, and exclude from any calculation of time, the running of the criminal statute of limitations for the length of this Agreement starting from the date of the execution of this Agreement and including any extension of the period of deferral of prosecution pursuant to paragraph 14 below. By this Agreement, ESI expressly intends to and hereby does waive its rights in the foregoing respects, including any right to make a claim premised on the statute of limitations, as well as any constitutional, statutory, or other claim concerning pre-indictment delay. Such waivers are knowing, voluntary, and in express reliance on the advice of ESI's counsel.

13.    It is further agreed that in the event that this Office, in its sole discretion, determines that ESI has violated any provision of this Agreement, including ESI's failure to meet its obligations under this Agreement: (a) all statements made by or on behalf of ESI to this Office, FBI or the Designated Agencies, including but not limited to the Statement of Admitted Facts, or any testimony given by ESI or by any agent of ESI before a grand jury, or elsewhere, whether before or after the date of this Agreement, or any leads from such statements or testimony, shall be admissible in evidence in any and all criminal proceedings hereinafter brought by this Office against ESI; and (b) ESI shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by or on behalf of ESI before or after the date of this Agreement, or any leads derived therefrom, should be suppressed or otherwise excluded from evidence. It is the intent of this Agreement to waive any and all rights in the foregoing respects.

Amy Burgert, Esq.
June 3, 2008                                    -7-

14.    ESI agrees that, in the event that this Office determines during the period of deferral of prosecution described in paragraph 10 above (or any extensions thereof) that ESI has violated any provision of this Agreement, a one-year extension of the period of deferral of prosecution may be imposed in the sole discretion of this Office, and, in the event of additional violations, such additional one-year extensions as determined may be appropriate by this Office, but in no event shall the total term of the deferral-of-prosecution period of this Agreement exceed five (5) years.

15.    ESI, having truthfully admitted to the facts in the Statement of Admitted Facts, agrees that it shall not, through its attorneys, agents, or employees, make any statement, in litigation or otherwise, contradicting the Statement of Admitted Facts or its representations in this Agreement. Consistent with this provision, ESI may raise defenses and/or assert affirmative claims in any civil proceedings brought by private parties as long as doing so does not contradict the Statement of Admitted Facts or such representations. Any such contradictory statement by ESI, its present or future attorneys, agents, or employees shall constitute a violation of this Agreement and ESI thereafter shall be subject to prosecution as specified in paragraphs 10 through 13, above, or the deferral-of-prosecution period shall be extended pursuant to paragraph 14, above. The decision as to whether any such contradictory statement will be imputed to ESI for the purpose of determining whether ESI has violated this Agreement shall be within the sole discretion of this Office. Upon this Office's notifying ESI of any such contradictory statement, ESI may avoid a finding of violation of this Agreement by repudiating such statement both to the recipient of such statement and to this Office within forty-eight (48) hours after receipt of notice by this Office. ESI consents to the public release by this Office, in its sole discretion, of any such repudiation. Nothing in this Agreement is meant to affect the obligation of ESI or its officers, directors or employees to testify truthfully in any judicial proceeding.

## This Office's Discretion

16.    ESI agrees that it is within this Office's sole discretion to choose, in the event of a violation, the remedies contained in paragraphs 12 and 13 above, or instead to choose to extend the period of deferral of prosecution pursuant to paragraph 14. ESI understands and agrees that the exercise of this Office's discretion under this Agreement is unreviewable by any court. Should this Office determine that ESI has violated this Agreement, this Office shall provide notice to ESI of that determination and provide ESI with an opportunity to make a presentation to this Office to demonstrate that no violation occurred, or, to the extent applicable, that the violation should not result in the exercise of those remedies or in an extension of the period of deferral of prosecution.

## Limits Of This Agreement

17.    It is understood that this Agreement is binding on this Office but does not bind any other Federal agencies, any state or local law enforcement agencies, any licensing authorities, or any regulatory authorities.  However, if requested by ESI or its attorneys, this Office will bring

Amy Burgert, Esq.
June 3, 2008                                -8-


to the attention of any such agencies, including but not limited to any regulators, as applicable, this
Agreement, the cooperation of ESI, and its compliance with its obligations under this Agreement.

### Public Filing

18.    ESI and this Office agree that, upon filing of the Information, this Agreement
(including the Statement of Admitted Facts and the other attachments hereto) shall be filed publicly
in the proceedings in the United States District Court for the Southern District of New York.

### Integration Clause

19.    This Agreement sets forth all the terms of the Deferred Prosecution
Agreement between ESI and this Office. No modifications or additions to this Agreement shall
be valid unless they are in writing and signed by this Office, ESI's attorneys, and a duly
authorized representative of ESI.

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By:    _____

ARLO DEVLIN-BROWN
JONATHAN NEW
Assistant United States Attorneys

_____

GUY PETRILLO
Chief, Criminal Division

Accepted and agreed to:


_____
Amy Marlyse Burgert, Esq.
Mayer Brown LLP
*Counsel to ESI Entertainment Systems, Inc.*


_____
ESI Entertainment Systems, Inc., by Michael Meeks
President and Director

Amy Burgert, Esq.
June 3, 2008                        -8-


to the attention of any such agencies, including but not limited to any regulators, as applicable, this Agreement, the cooperation of ESI, and its compliance with its obligations under this Agreement.

### Public Filing

18.    ESI and this Office agree that, upon filing of the Information, this Agreement (including the Statement of Admitted Facts and the other attachments hereto) shall be filed publicly in the proceedings in the United States District Court for the Southern District of New York.

### Integration Clause

19.    This Agreement sets forth all the terms of the Deferred Prosecution Agreement between ESI and this Office.  No modifications or additions to this Agreement shall be valid unless they are in writing and signed by this Office, ESI's attorneys, and a duly authorized representative of ESI.

                                MICHAEL J. GARCIA
                                United States Attorney
                                Southern District of New York

                        By: _____
                                ARLO DEVLIN-BROWN
                                JONATHAN NEW
                                Assistant United States Attorneys

                                _____
                                GUY PETRILLO
                                Chief, Criminal Division


Accepted and agreed to:

_____
Amy Marlyse Burgert, Esq.
Mayer Brown LLP
*Counsel to ESI Entertainment Systems, Inc.*

_____
ESI Entertainment Systems, Inc., by Michael Meeks
President and Director

Amy Burgert, Esq.
June 3, 2008                              -8-


to the attention of any such agencies, including but not limited to any regulators, as applicable, this
Agreement, the cooperation of ESI, and its compliance with its obligations under this Agreement.

### Public Filing

18.    ESI and this Office agree that, upon filing of the Information, this Agreement
(including the Statement of Admitted Facts and the other attachments hereto) shall be filed publicly
in the proceedings in the United States District Court for the Southern District of New York.

### Integration Clause

19.    This Agreement sets forth all the terms of the Deferred Prosecution
Agreement between ESI and this Office.  No modifications or additions to this Agreement shall
be valid unless they are in writing and signed by this Office, ESI's attorneys, and a duly
authorized representative of ESI.

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _____

ARLO DEVLIN-BROWN
JONATHAN NEW
Assistant United States Attorneys

_____

GUY PETRILLO
Chief, Criminal Division

Accepted and agreed to:


_____

Amy Marlyse Burgert, Esq.
Mayer Brown LLP
*Counsel to ESI Entertainment Systems, Inc.*


_____

ESI Entertainment Systems, Inc., by Michael Meeks
President and Director