UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :
                                   :       **08 CRIM 505**
        -v-                        :
                                   :       INFORMATION
                                   :
ESI ENTERTAINMENT SYSTEMS, INC.,   :       08 Cr.
        a/k/a "E-Success,"         :
                                   :
        Defendant.                 :
- - - - - - - - - - - - - - - - - -x

*JUDGE KEENAN*

COUNT ONE
(Conspiracy)

The United States Attorney charges:

**Background**

1.  On or about December 9, 1999, e-Success Incorporated ("e-Success") was registered as a federal company in Canada. On or about February 27, 2006, e-Success changed its name to ESI ENTERTAINMENT SYSTEMS, INC. On or about March 22, 2006, ESI Entertainment Systems, Inc. became a public company with shares of stock listed on the Toronto Stock Exchange. ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, operated as a holding company with three wholly owned subsidiaries, including Citadel Commerce Corp. ("Citadel").

2.  At all times relevant to this Information, ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, offered through Citadel payment processing services to internet merchants. The vast majority of the merchants who used Citadel's

payment services were internet gambling businesses that engaged in sports betting, casino gaming and poker. More than ninety (90) percent of the customers of Citadel who used its payment processing services to pay for gambling transactions on internet websites were residents of the United States.

### ESI's BUSINESS

3. In or around 2001, Michael Meeks, the President of ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, and Tony Greening, the CEO, began developing a risk management system that internet gambling merchants could use to improve collection from customers and lower risks of fraud. Meeks and Greening, as they developed this system, combined it with a payment processing system that would allow customers to move money from their bank accounts to accounts controlled by the internet gambling merchants.

4. In May 2002, Citadel began processing payments for internet gambling websites located outside of the United States. From the outset, the primary users of Citadel's services were United States customers, including customers located in the Southern District of New York. These customers would use Citadel's systems to transfer money from their United States bank accounts to accounts controlled by the internet gambling merchants, virtually all of whom were based outside of the Untied States. Customers could make these transfers through two means.

First, customers could log-on to an internet gambling website that partnered with Citadel and, by following a link on the website, arrange through Citadel to transfer money from a United States bank account directly to the gambling merchant's bank account. Second, Citadel offered a service through which customers could transfer funds from United States bank accounts to an electronic account maintained by Citadel known as an "e-wallet." Customers could store these funds in their "e-wallets" and then transfer money back and forth to and from internet merchants, including internet gambling companies.

     5.  Between its fiscal years ending February 28, 2003 through February 28, 2007, ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, through Citadel, processed approximately seven million internet gambling-related payment transactions for more than 500,000 individual customers located in the United States. From these transactions, ESI ENTERTAINMENT SYSTEMS, INC. received gross revenue in the following approximate amounts based on current exchange rates: 2003 – $1.4 million; 2004 – $3.8 million; 2005 – $7.5 million; 2006 – $14 million; 2007 – $19 million. The total amount of internet gambling transactions processed for United States customers during this period was approximately $2.02 billion.

**Statutory Allegations**

6. From at least in or about May 2002, up through and including in or about January 2007, in the Southern District of New York and elsewhere, ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, and its co-conspirators, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 18, United States Code, Sections 1084, 1955, 1956(a)(2), and 1960.

**Objects of the Conspiracy**

7. It was a part and an object of said conspiracy that ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, and others known and unknown, being engaged in the business of betting and wagering, unlawfully, willfully, and knowingly would and did use a wire communication facility for the transmission in interstate and foreign commerce of bets, wagers, and information assisting in the placing of bets and wagers on sporting events and contests, and for the transmission of wire communications which did entitle the recipient to receive money and credit as a result of bets and wagers, and for information assisting in the placing of bets and wagers, in violation of Title 18, United States Code, Section 1084.

8. It was further a part and an object of said conspiracy that ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, and others known and unknown, unlawfully, willfully and knowingly would and did conduct, finance, manage, supervise, direct, and own all and part of various illegal gambling businesses, namely, internet gambling companies doing business in New York, in violation of New York State Penal Law, Article 225, in violation of Title 18, United States Code, Section 1955.

9. It was further a part and an object of the conspiracy that ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, and others known and unknown, unlawfully, willfully and knowingly would and did transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit, the operation of illegal gambling businesses, in violation of Title 18, United States Code, Section 1955, the illegal transmission of wagers and gambling information, in violation of Title 18, United States Code, Section 1084, and the commission of gambling offenses, in violation of New York State Penal Law,

Article 225, in violation of Title 18, United States Code, Section 1956.

10. It was further a part and an object of the conspiracy, that ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, and others known and unknown, unlawfully, willfully and knowingly would and did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business that transferred funds within the United States and to locations abroad on behalf of the public by means of wire, check, draft, facsimile, and courier, which funds were known to ESI ENTERTAINMENT SYSTEMS, INC. to have been derived from a criminal offense and were intended to be used to promote and support unlawful activity, to wit, illegal internet gambling, and thereby affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1960.

### Overt Acts

11. In furtherance of said conspiracy and to effect the illegal objects thereof, ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, and its co-conspirators, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. Beginning in or about May 2002 and continuing up to in or about February 2007, Michael Meeks and Tony Greening

offered online payment services through ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, to various internet gambling businesses located outside of the United States so that these businesses could access customers located in the United States, including customers located in the Southern District of New York.

   b. From in or about May 2002, and continuing up to in or about February 2007, ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, transferred more than two billion dollars from customers located in the United States, including customers located in the Southern District of New York, to various internet gambling businesses located outside of the United States.

   (Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

   12. As the result of committing the gambling, money laundering, and unlicensed money transmitting offenses alleged in Count One of this Information, defendant ESI ENTERTAINMENT SYSTEMS, INC., a/k/a "e-Success," the defendant, shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982 and 1955(d) and 28 U.S.C. § 2461, all property, real and personal, involved in the money laundering and unlicensed money transmitting offenses and any property, including money used in the gambling offenses, and all property, real and personal, that

constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 371, 108 4, 1955, 1956, and 1960.

### Substitute Asset Provision

a. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 371, 981, 982, 1084, 1955, 1956, 1960 and Title 28, United States Code, Section 2461(c)).

*Michael J. Garcia*
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

ESI Entertainment Systems, Inc.

Defendant.

### INFORMATION

08 Cr. ___ (JFK)

Title 18, United States Code, Section 371

MICHAEL J. GARCIA
United States Attorney.

---

6-5-08 (WR) Filed Information and Waiver of Indictment. Deft. not present. Defense attorney [illegible] Espana present. AUSA Arlo Devlin-Brown present. [Defense] atty Espana enters not guilty plea on behalf of defendant. Court accepts not guilty plea. Parties enter into a deferred prosecution agreement for eighteen months. Court accepts deferred prosecution. Status conference set for December 4, 2009 at 10:00 am. T/E between 6-5-08 and 12-4-09.   [Keenan, J.]